■ MADELINE LEE BRYER, P.C., et al., Appellants, v SAMSON EQUITIES, LLC, Respondent. [836 NYS2d 428]—

In a proceeding, inter alia, to, set aside an assignment of judgment and direct an accounting, the petitioners appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Harkavy, J.), dated April 4, 2006, as denied those branches of their separate motions which were for leave to amend the petition to assert additional causes of action and to require Samson Equities, LLC, to post a bond, and, sua sponte, severed the proceeding with respect to the petitioner Madeline Lee Bryer, P.C., and directed it to file a note of issue, and, by permission, from so much of the same order as, sua sponte, disqualified it from representing the petitioners Onelia Matos and Scott Daniel Gardner.

Ordered that the appeal by the petitioners Onelia Matos and Scott Daniel Gardner from so much of the order as, sua sponte, severed the proceeding with respect to the petitioner Madeline Lee Bryer, P.C., and directed it to file a note of issue is dismissed, without costs or disbursements, as no appeal lies as of right

from an order that does not decide a motion made on notice (*see* CPLR 5701 [a] [2]) and, in any event, the petitioners Onelia Matos and Scott Daniel Gardner are not aggrieved by that portion of the order; and it is further,

Ordered that on the Court's own motion, the notice of appeal of the petitioner Madeline Lee Bryer, P.C., from so much of the order as, sua sponte, severed the proceeding with respect to the petitioner Madeline Lee Bryer, P.C., and directed it to file a note of issue is deemed an application for leave to appeal from that portion of the order, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is modified, on the facts and as a matter of discretion, by deleting the provision thereof disqualifying the petitioner Madeline Lee Bryer, P.C., from representing the petitioners Onelia Matos and Scott Daniel Gardner; as so modified, the order is affirmed insofar as reviewed, without costs or disbursements.

The sole interest of the petitioner Madeline Lee Bryer, P.C. (hereinafter Bryer), in recovering on its charging lien from the proceeds obtained by Samson Equities, LLC (hereinafter Samson), does not conflict with its representation of the petitioners Onelia Matos and Scott David Gardner on their claim for an accounting and to set aside their agreement with Samson (*see* Code of Professional Responsibility DR 5-103 [22 NYCRR 1200.22]). Given the general policy favoring a party's right to representation by counsel of choice (*see Tekni-Plex, Inc. v Meyner & Landis*, 89 NY2d 123 [1996]), the Supreme Court improvidently exercised its discretion in, sua sponte, disqualifying Bryer.

However, given that Bryer's sole claim was based on its charging lien and Samson provided a full accounting for the proceeds recovered, the court did not improvidently exercise its discretion in severing Bryer's claim and requiring it to file a note of issue. Nor did the court improvidently exercise its discretion in denying that branch of the petitioners' motion which was to require Samson to post a bond.

With respect to the proposed amendments to the petition, "[a]lthough leave to amend a pleading shall be freely given in the absence of surprise or prejudice . . . the determination whether to grant such leave is within the court's discretion, and the exercise of that discretion will not be lightly disturbed" (*Sewkarran v DeBellis*, 11 AD3d 445 [2004]; *see* CPLR 3025 [b]). In the absence of any evidence that Samson breached an alleged fiduciary duty or constructive trust, or misappropriated funds, the Supreme Court providently exercised its discretion in

denying that branch of the petitioners' motion which was for leave to amend the petition.

Motion by the appellants on an appeal from an order of the Supreme Court, Kings County, dated April 4, 2006, inter alia, to strike stated portions of the respondent's brief on the ground that it refers to matter dehors the record and to direct the respondent to file a new brief, and cross motion by the respondent to strike the appellants' brief on the ground that it refers to matter dehors the record, and to direct the appellants to file a new brief and to enlarge the record on appeal to include certain exhibits. By decision and order on motion of this Court dated February 14, 2007, that branch of the motion which is to strike stated portions of the respondent's brief and those branches of the cross motion which were to strike the appellants' brief on the ground that it refers to matter dehors the record and to enlarge the record on appeal were held in abeyance and referred to the Justices hearing the appeals for determination upon the argument or submission of the appeals.

Upon the papers filed in support of the motion and cross motion, the papers filed in opposition thereto, and upon the argument of the appeals, it is

Ordered that the branch of the cross motion which is to enlarge the record on appeal to include the affidavit of Aaron Cohen dated September 9, 2004 is granted, and that branch of the motion which is to strike stated portions of the respondent's brief raising issues relating to that affidavit is denied; and is further,

Ordered that the branch of the cross motion which is to enlarge the record to include the supplemental accounting and a cancelled check and bank statement is denied, those branches of the motion and cross motion which are to strike those portions of the briefs which raise issues relating to that material are granted, and those portions of the appellants' and respondent's briefs which refer to that material have not been considered in the determination of the appeal. Schmidt, J.P., Angiolillo, Balkin and Dickerson, JJ., concur.